about it, if the risk had not been there." The discussion of the doctrine appears at pages 482 and 483: " One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball. [Citations.] * * * A different case would be here if the dangers inherent in the sport were obscure or unobserved [citations], or so serious as to justify the belief that precautions of some kind must have been taken to avert them. [Citations.] Nothing happened to the plaintiff except what common experience tells us may happen at any time as the consequences of a sudden fall."

In the case under consideration the explosion killed the young man who was carrying the pail, and plaintiff was rendered unconscious and received serious injuries. Under the *Steeplechase* doctrine, he accepted only the dangers which were " obvious and necessary " and which were " inherent in the sport " and which were not " obscure or unobserved," and he had a right to expect that, if there were obscure dangers so serious as to be liable to cause death and maiming, one of the large group of city officials present would take precautions to avert an injury. It was the duty of the city of Albany to keep the streets reasonably safe for the casual spectator and likewise for the musician in the band. The attendance at a parade is not ordinarily hazardous, either to the casual spectators or the participants in the band. The local law or ordinance which was being flouted by the city officials was intended to make the streets and public places of the city safe for pedestrians, spectators and paraders all alike. Plaintiff did not assume the risk created. The charge was erroneous and prejudicial.

I favor a reversal on the law and a new trial.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS BARKSDALE, Appellant, v. JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.— Motion to perfect appeal on typewritten record and brief granted. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

MINNIE BREWER and EILA BARNES, Respondents, v. GILES A. CHASE and EDITH H. CHASE, Appellants.— Motion denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

MARIE BOYAJIAN, Appellant, v. KASPER BOYAJIAN, Respondent.— Motion for stay granted, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of ELIZAR CARTER, Appellant, against BETHLEHEM SHIPBUILDING CORP., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Motion to perfect appeal on typewritten record and brief granted, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of MARGARET COOGAN, Appellant, against SPRAGUE TERMINAL, INC., and THE EMPLOYERS' LIABILITY ASSURANCE CORP., LTD., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

MOLLIE EAGLE, Appellant, v. BENJAMIN CHERNEY and SAMUEL H. BERGER, Respondents.— The motion here presented is made in an action which is the aftermath of a suit brought to foreclose a mortgage upon property of which this